1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11
12

NEIL EDWARD STONE,                )        1:07-CV-01550 LJO SMS HC
                                  )
13              Petitioner,        )        FINDINGS AND RECOMMENDATION
                                  )        REGARDING PETITION FOR WRIT OF
14      v.                        )        HABEAS CORPUS
                                  )
15                                )
    CALIFORNIA DEPARTMENT OF       )
16  CORRECTIONS,                   )
                                  )
17              Respondent.        )
                                  )
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21          On March 14, 2005, Petitioner was convicted in the Tulare County Superior Court of felony

22  murder, burglary, robbery, and destroying evidence. See Petition at 2.  Petitioner was sentenced to

23  serve an indeterminate term of life without the possibility of parole. Id. Petitioner appealed his

24  conviction to the California Court of Appeal, Fifth Appellate District. Id. at 3. In November of 2006,

25  the judgment was affirmed by the appellate court. Id. Petitioner states he then filed a petition for

26  review in the California Supreme Court; that petition was denied in January of 2006. Id.

27          On October 24, 2007, Petitioner filed the instant federal petition for writ of habeas corpus.

28

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct

alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

With this petition, Petitioner raises six claims for relief. He admits that at least three of the claims have not been raised to the highest state court. Thus, the instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[1]  This Findings and Recommendation is submitted to the United

---

[1]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

[I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made

1   States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636

2   (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

3   District of California.

4     Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30)

5   days of the date of service of this Recommendation and proceed with only the exhausted claims. If

6   Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the

7   Recommendation will be submitted to the District Judge for dismissal of the petition so Petitioner

8   can return to state court to exhaust his unexhausted claim. Rose, 455 U.S. at 520. This dismissal will

9   not bar Petitioner from returning to federal court after exhausting available state remedies. However,

10  this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by

11  28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for

12  collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an

13  application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

14    Within thirty (30) days after being served with a copy of this Findings and Recommendation,

15  any party may file written objections with the Court and serve a copy on all parties.  Such a

16  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

17  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

18  served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the

19  unexhausted claim, the Finding and Recommendation will be submitted to the District Court for

20  review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  IT IS SO ORDERED.

24  **Dated:   November 5, 2007**     **/s/ Sandra M. Snyder**

25  _____

26    aware of the exhaustion requirement, no reason exists for him not to exhaust all potential
  claims before returning to federal court.  The failure to comply with an order of the court

27    is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

28  Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1        UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28